**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARINO PEREZ ESCOBAR,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Case No: 8:13-cv-55-T-30TBM
Crim. Case No: 8:12-cr-97-T-30TBM

**ORDER**

THIS CAUSE comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #1) and Respondent's Response (Dkt. #6). Escobar asks for his conviction to be vacated claiming that this Court lacked jurisdiction, and his lawyer was ineffective for failing to investigate and argue lack of jurisdiction. The motion is based on *United States v. Bellaizac-Hurtado*, 700 F. 3d 1245 (11th Cir. 2012).

In *Bellaizac-Hurtado*, the Eleventh Circuit held that Congress did not have the power to criminalize conduct in foreign countries and their territorial waters. *Bellaizac-Hurtado* specifically addressed the drug laws of the Maritime Drug Law Enforcement Act (MDLEA), 46 U.S.C. § 7501 *et seq.*. The United States recognizes territorial seas of foreign nations up to twelve nautical miles adjacent to foreign coasts. *See U.S. v. McPhee*, 336 F. 3d 1269, 1273 (11th Cir. 2003). Seas beyond the twelve nautical miles from a foreign coast are international waters. The MDLEA is constitutional as applied to

defendants apprehended in international waters. *U. S. v. Tinoco*, 304 F. 3d 1088 (11th Cir. 2002), *cert. denied,* 538 U.S. 909, 123 S. Ct. 1484 (2003).

Petitioner was apprehended in international waters, not territorial seas. In his plea agreement (CR Dkt. #22), Perez-Escobar admitted the following facts:

> 9. Factual Basis
>
> Defendant is pleading guilty because defendant is, in fact, guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:
>
> FACTS
>
> On March 2, 2012, the defendant, Marino Perez-Escobar, along with two co-defendants, was aboard a "go-fast vessel" (GFV) encountered by U. S. Coast Guard cutter CONFIDENCE in international waters of the Caribbean Sea. CONFIDENCE was guided to the defendants' GFV by a United States aircraft, which first spotted the GFV and observed the defendants jettisoning numerous packages into the water. The packages jettisoned from the GFV contained cocaine (in excess of 5 kilograms) and marijuana.
>
> When asked by Coast Guard officers from CONFIDENCE, none of the defendants claimed to be the master of the vessel and none made a claim of nationality for the vessel. The GFV was, therefore, a stateless vessel subject to the jurisdiction of the United States.
>
> The defendant, along with his co-defendants, was later transported to the United States, first arriving in the Middle District of Florida.

*Bellaizac-Hurtado* does not apply to Petitioner because, as he admitted, he was not located within the territorial seas of a foreign country.

As to Escobar's ineffective assistance of counsel claims, even if it is assumed his counsel did not investigate jurisdiction, the claims fail because Escobar has not shown

prejudice. He has come forward with no proof that he was anywhere other than where he originally admitted to being apprehended. He cannot now refute the admission in his plea agreement that he was apprehended in international waters. And, as the Government has shown by filing the certification of Commander Daniel Deptula, United States Coast Guard, in his official capacity as the Coast Guard Liaison Officer to the Bureau of International Narcotics and Law Enforcement Affairs, U.S. Department of State:

> 4.a. On March 2, 2012, United States law enforcement personnel detected a go-fast vessel **approximately 31 nautical miles northwest of Cape La Vela, Colombia, international waters**, with three individuals on board. The vessel was not displaying any registry numbers, a hailing port or flying a national flag. Upon detection, the go-fast crew members were observed jettisoning packages overboard. United States law enforcement personnel conducted a right-of-visit boarding to determine the vessel's nationality. One crewmember claimed to have departed from Colombia but provided no registration documentation.

CR Dkt. #92 at 2 (emphasis added). The ineffective assistance of counsel claims lacks merit.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #1) is DENIED.

2. The Clerk is directed to close this case.

3. The Clerk is directed to terminate the pending motion to vacate, set aside or correct sentence (CR Dkt. #85) in the related criminal case (8:12-cr-97-T-30TBM).

## CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. *Id*. "A certificate of appealability may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-Elv v. Cockrell*, 537 U.S. 322, 335-36 (2003)(quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida, this 12th day of July, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

F:\Docs\2013\13-cv-55 deny 2255.docx