**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

EDWIN GARCIA SMITH,

    Petitioner,

v.                                                     CASE NO. 8:13-cv-2400-T-30TBM
                                                       CRIMINAL CASE NO. 8:12-cr-97-T-30TBM

UNITED STATES OF AMERICA,

    Respondent.
_____/

**O R D E R**

Petitioner, an inmate in a Federal penal institution proceeding *pro se*, filed a motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to 28 U.S.C. § 2255 challenging his 2012 plea-based conviction for conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States (CV Dkt. 1). Pursuant to Rule 4(b), Rules Governing Section 2255 Proceedings, the Court has undertaken a preliminary review of the motion. Contrary to the express directions of Rule 2(b), the motion does not "state the facts supporting each ground" asserted therein. See Rule 2(b), Rules Governing Section 2255 Proceedings (2013). In fact, Petitioner fails to make any factual allegations in his motion. Instead, Petitioner alleges "ineffective counsel," "lack of jurisdiction," and asserts that "other grounds may be added upon review of transcripts, presently awaiting." (CV Dkt. 1 at 4-8).

There are no claims set out in the § 2255 motion. By virtue of his presence during the criminal proceedings, Petitioner should have been put on notice of possible bases for a § 2255 motion.

Petitioner's attempt to avoid the effects of the limitation period applicable to § 2255 motions by requesting relief based on generic statements of ineffective assistance of counsel and lack of jurisdiction is unavailing. To secure a hearing on his claims, a habeas petitioner must allege facts, which, if true, would entitle him to habeas relief. *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (en banc). The law does not require a federal habeas court to hear a claim based entirely on conclusoly allegations wholly devoid of specifics. *Campbell v. Wood*, 18 F.3d 662, 679 (9th Cir. 1994) (en banc).

Without expressing any opinion regarding the timeliness of claims for collateral relief Petitioner may subsequently file, the Court finds that because Petitioner has failed to set forth his claims with adequate specificity, he must file an amended motion. Petitioner may also file a memorandum of law in support of his motion, not to exceed 20 pages in length.

ACCORDINGLY, the Court **ORDERS** that:

1. The Petition to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is **DISMISSED** without prejudice.

2. Petitioner shall, within **TWENTY (20) DAYS** from the date of this order, file an amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 that complies with the instructions on the form. Petitioner must set forth with specificity each of his claims for relief and a brief statement of the facts which support the claim(s). **Failure**

**to comply with the terms of this order within the allotted time shall result in the automatic dismissal of this case without further notice.**[1]

3. The **Clerk** shall enclose two copies of the court-approved form for use in filing § 2255 motions with Petitioner's copy of this order. This case number should be affixed to the forms.

**DONE** and **ORDERED** in Tampa, Florida on September 20, 2013.

*[signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copies furnished to:
Counsel/Parties of Record

---

[1] Petitioner is cautioned that the time in which a federal habeas petition is pending does not toll the one-year limitation period. *See Jones v. United States*, 304 F.3d 1035, 1040-41 (11th Cir. 2002).